UNITED STATES of America,
Appellee,

v.

BRUNETTO CHEESE COMPANY, Inc.,
and Salvatore Brunetto, Appellants.

No. 383, Docket 26804.

United States Court of Appeals
Second Circuit.

Argued May 8, 1961.

Decided June 2, 1961.

McMahon & Condon, White Plains, N. Y. (Daniel F. McMahon, White Plains, N. Y., of counsel), for appellants.

Robert M. Morgenthau, U. S. Atty., S. D. New York, New York City (Richard Conway Casey, and Arthur I. Rosett, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before FRIENDLY and SMITH, Circuit Judges, and WATKINS, District Judge.*

PER CURIAM.

This is an appeal from a judgment of conviction entered after a trial before a judge and jury. Defendants were convicted of violations of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. concerning failure to pay time-and-a-half for hours in excess of 40 hours in one week, failure to keep accurate records of hours worked and wages paid, production and sale of goods in interstate commerce which had been produced by employees who were employed in violation of the Act, and the filing of false reports to the United States Department of Labor.

There is no merit in the claim of prejudice as to testimony of individual witnesses before the grand jury. The government had reason to suspect the witnesses were being tampered with, and called the witnesses to testify before the grand jury in a legitimate probe of pos-

* United States District Judge for the Northern and South Districts of West Virginia, sitting by designation.

sible tampering. What was done was not prejudicial.

As to the allegation that defendant's right against self-incrimination was transgressed, the corporation has no privilege against production of its records, and there was no prejudice to the individual defendant.

Defendant's counsel invited comment on possible punishment by remarks in summation. There was no error in the charge or refusal to charge.

■ The court properly rejected cross examination designed to show "the number of individuals in the entire nation in the course of a year who would have their rights violated," the "number of criminal prosecutions," and similar testimony. Such testimony was irrelevant.

Affirmed.